# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE KENNETH DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. MOON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00862-GBC-LJO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL<br><br>(Docs. 1 and 2) |

Plaintiff Clyde Kenneth Davis, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2011. (Doc. 1). Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 2).

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Determining whether Plaintiff's actions and appeals count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

1  A review of the record of actions filed by Plaintiff in the United States District Court reveals
2  that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to
3  state a claim upon which relief may be granted.  The Court takes judicial notice of *Davis v. Navorro,*
4  *et al.*, 4:06-cv-04560-PJH (N.D. Cal.) (dismissed March 16, 2009, for failure to state a claim) and
5  *Davis v. Johnson, et al.*, 3:05-cv-02060-MJJ (N.D. Cal.) (dismissed June 20, 2005, for failure to state
6  a claim).

7  The Court takes judicial notice of *Davis v. Johnson, et al.*, 5:04-cv-00509-UA-MAN (C.D.
8  Cal.) which was dismissed on May 10, 2004, under *Heck v. Humphrey*, 512 U.S. 477 (1994) for not
9  stating a cognizable claim under section 1983.  The Court finds that a dismissal pursuant to *Heck*
10  counts as a strike under 28 U.S.C. § 1915(g).  The Supreme Court in *Heck* stated its ruling was based
11  on a denial of "the existence of a cause of action."  *Heck*, 512 U.S. at 489.  Additionally, several
12  other courts have held that dismissals under *Heck* count as strikes under  28 U.S.C. § 1915(g).  *See*
13  *e.g.*, *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule
14  in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*,
15  the complaint was properly dismissed for failure to state a claim.").

16  In the dismissal orders of both the *Davis v. Grannis* cases, the court states: "Duplicative or
17  repetitious litigation of the same causes of action brought by prisoners seeking leave to proceed in
18  forma pauperis is subject to dismissal under 28 U.S.C. § 1915(e) as malicious. Similarly, an in forma
19  pauperis complaint that merely repeats pending or previously litigated claims may be considered
20  abusive and dismissed under the authority of § 1915." *Davis v. Grannis et al.*, 3:07-cv-00314-MJJ
21  (Doc. 4) (internal citations omitted); *Davis v. Grannis et al.*, 3:07-cv-00154-MJJ (Doc. 6) (internal
22  citations omitted).  The Court finds that  *Davis v. Grannis et al.*, 3:07-cv-00154-MJJ (N.D. Cal.)
23  (dismissed July 17, 2007) and *Davis v. Grannis et al.*, 3:07-cv-00314-MJJ (N. D. Cal.) (dismissed
24  July 17, 2007) were duplicative and frivolous.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2
25  (9th Cir. 1995).

26  The Court finds that Plaintiff became subject to section 1915(g) well before Plaintiff filed
27  this action on May 26, 2011.  The Court has reviewed Plaintiff's complaint and finds that Plaintiff
28

does not meet the imminent danger exception.[1] *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action is denied; and
2. This action is dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

IT IS SO ORDERED.

**Dated:   June 2, 2011**                           /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's allegations concern medical related claims arising from events that occurred in 2008 in addition to requiring a special mattress. (Doc. 1). The complaint is devoid of any showing that Plaintiff is under imminent danger of serious physical injury. *Id.*

3